IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SARAH BANKSTON WELFORD                          PLAINTIFF

V.                                                        CAUSE NO. 1:11CV9-LG-RHW

ANDREA THOMLEY and
STATE FARM INSURANCE COMPANY                     DEFENDANTS

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

BEFORE THE COURT are the Motions for Summary Judgment filed by Defendant State Farm Mutual Automobile Insurance Company[1] ("State Farm") [51] and Defendant Andrea Thomley [53] pursuant to Federal Rule of Civil Procedure 56.[2] Plaintiff Sarah Bankston Welford filed this lawsuit in the Chancery Court of George County, Mississippi, after she and Defendant Thomley were involved in an automobile accident. Defendants subsequently removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. State Farm and Thomley have joined [55, 56] one another's Motions for Summary Judgment, in which they argue that Plaintiff Welford has failed to

---

[1] State Farm notes that it was "improperly referred to as State Farm Insurance Company" in Plaintiff's complaint. (State Farm Mot. 1, ECF No. 51). State Farm provides underinsured motorist coverage to Welford. (State Farm Mem. 2, ECF No. 52).

[2] Defendant Thomley has also filed an Amendment to her Motion for Summary Judgment, which supplements her Motion with the Affidavit of Dr. Jason A. Craft. Dr. Craft's expert report was submitted with Thomley's Motion for Summary Judgment [53].

establish proximate cause, an essential element of her case.  Plaintiff Welford has filed responses [57, 58] in opposition to the Motions.  The Court has reviewed the parties' submissions and the relevant legal authority.  For the reasons discussed below, the Motions for Summary Judgment are granted in part and denied in part.

## BACKGROUND

Plaintiff Welford and Defendant Thomley were involved in a two-car accident in Jackson County, Mississippi, on January 31, 2008.  Welford was stopped at a red light on Highway 63 when Defendant Thomley rear-ended her.  (Compl. 2, ECF No. 2).  Welford claims that as a result of the impact, her left shoulder was injured, and this caused her pain for a period of several years and resulted in multiple surgeries.

Welford alleges she experienced pain in her shoulder immediately after the accident.  (Thomley Mot. Ex. B 26:4-10, ECF No. 53-2).  She testified that she drove herself to the hospital, where she told the emergency room physician that she had pain in her shoulder and x-rays were taken, and she was given pain medicine.[3]  (*Id.* at 22:17-19, 23:13-16, 26-28; Pl.'s Resp. Ex. 2 at 3:17-20, ECF No. 57-2).

Welford testified that approximately a week after the accident, she saw a physician in Lucedale, Mississippi, and complained of shoulder pain, but the Court has not been provided with any record of this exam. (Thomley Mot. Ex. B 33, ECF No. 53-2).  Welford testified that the physician in Lucedale referred her to a doctor

---

[3] However, other testimony established that Welford's emergency room records contain no reference to shoulder pain, and that Welford's chief complaint that day was neck pain.  (Pl.'s Resp. Ex. 3 at 4, ECF No. 57-3; Thomley Mot. Ex. C 21:17-21; ECF No. 53-3).

in Meridian, Mississippi. (Pl.'s Resp. Ex. 2:13-16, ECF No. 57-2). According to the record, the first documented complaint of any shoulder pain in Welford's medical records was in July 2008, when she was examined by Dr. Pomierski, an orthopedic surgeon in Meridian. (Thomley Mot. Ex. C 38-41, ECF No. 53-3; Ex. D 1-2, ECF No. 53-4). Dr. Pomierski performed surgery on Welford's shoulder in August 2008, but she continued to experience pain. (Thomley Mot. Ex. B 38:25, 39:l-14, ECF No. 53-2). He operated on her shoulder again some months later, and Welford still had pain. (*Id.* at 42:10-25, 43:1-5, 17-25, 45:15-22).

In September 2009, Welford saw Dr. Donnis Harrison, another orthopedic surgeon, because she was not satisfied with her treatment by Dr. Pomierski. (*Id.* at 43:9-16, 46:1-10; State Farm Mot. Ex. C 7:4-5, ECF No. 51-3). Dr. Harrison diagnosed Welford with instability of the shoulder and positive apprehension. (*Id.* at 2:12-18.) He noted that at that time, Welford had already undergone surgery and "extensive therapy." (State Farm Mot. Ex. C 2:7-9, ECF No. 51-3; Thomley Mot. Ex. C 7:24-25; 11:9-25, ECF No. 53-3). Dr. Harrison performed surgery on Welford's shoulder in December 2009, and again in April 2010. (Thomley Mot. Ex. C 12:6-11; 15:20-21, ECF No. 53-3.) Welford testified that Dr. Harrison's surgeries and the subsequent physical therapy successfully treated her shoulder pain. (Thomley Mot. Ex. B, 47:11-23, ECF No. 53-2).

Welford alleges she "has suffered permanent past, present and future injuries" as a result of Thomley's negligence. (Compl. 2, ECF No. 1). Her complaint demands a judgment of "not less than $1,000,000," and "punitive damages in a sum

of not less than $1,000,000," as well as "expenses, attorney fees and cost of court and general relief." (*Id.*)

Defendants move for summary judgment on the basis that Welford has not presented medical testimony to demonstrate a "causal link between the subject motor vehicle accident and her left shoulder injury[.]" (State Farm Mot. 3, ECF No. 51; Thomley Mot. 4, ECF No. 53). Defendants note that the only medical testimony provided by Welford is the testimony of Dr. Harrison, the second surgeon who operated on Welford's shoulder, and who did not examine her until September 2009, approximately 18 months after the accident. Defendants submit Dr. Harrison's deposition testimony that his opinion on whether Welford's shoulder injury was caused by the car accident would amount to "speculation," and that he could "not prove" that the injury was or was not a result of the accident. (State Farm Mem. 2, ECF No. 52; Thomley Mem. 5-6, ECF No. 54; State Farm Mot. Ex. C 59:21-22, ECF No. 51-3). Defendants argue that this evidence is insufficient to establish proximate cause, and therefore they are entitled to judgment as a matter of law.

Plaintiff Welford counters that there is a "jury question as to the causation for [her] shoulder injury and subsequent surgeries," and points to her own testimony, Dr. Harrison's deposition testimony, and medical records from her examinations by Dr. Pomierski in August 2008 and May 2009. (Pl.'s Mem. 3, ECF No. 57; Pl.'s Resp. 2-3, ECF No. 58). Welford argues that the "totality" of Dr. Harrison's deposition demonstrates that he believes that the accident was probably the cause of her shoulder injury. (Pl.'s Resp. 3, ECF No. 58). Welford submits that

4

while Dr. Harrison was "unwilling to give an opinion based upon 100 percent certainty," his testimony as a whole shows that "he thought the accident was more likely than not the cause of plaintiff's shoulder injury." (Pl.'s Mem. 4, ECF No. 59).

In her own deposition, Welford stated that she experienced pain in her shoulder at the time of the accident, which did not subside until after multiple surgeries and months of therapy. (Thomley Mot. Ex. B 47:11-23, ECF No. 53-2). She also submits two records from Dr. Pomierski, the first orthopedic surgeon who treated her. (Pl.'s Resp. Exs. 1, 2, ECF Nos. 58-1, 58-2). These are an August 25, 2008 record from Dr. Pomierski, stating Welford presented with left shoulder pain which she related to the January 2008 motor vehicle accident, and a May 6, 2009 record from a follow-up visit to Dr. Pomierski, indicating she still had shoulder pain and that her symptoms were aggravated by her duties at nursing school.[4] Welford maintains that this is sufficient to create a genuine issue of material fact and meet her summary judgment burden.

## DISCUSSION

A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the

---

[4] Dr. Pomierski has not testified in this action.

absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once Defendants, as the moving parties, have satisfied this requirement, Welford, who has the burden of proof at trial, must show that the motions for summary judgment should not be granted. *See id.* at 322-25. Welford may not rest upon mere allegations or denials in her pleadings but must set forth specific facts showing the existence of a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986). The Court must view the evidence in the light most favorable to Welford, the nonmoving party. *Gilbane Bldg. Co. v. Admiral Ins. Co.*, 664 F.3d 589 (5th Cir. 2011) (citing *Am. Int'l Specialty Lines Ins. Co. v. Rentech Steel LLC*, 620 F.3d 558, 561-62 (5th Cir. 2010)).

The law of this state is that "[p]roximate cause is an essential element in an action of negligence." *Burnham v. Tabb*, 508 So. 2d 1072, 1074 (Miss. 1987) (citing W. Keeton, Prosser & Keeton on Torts, § 41 (5th ed. 1984)). Moreover, the plaintiff has the burden of proof, and "must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough...." *Id.*

Defendants argue that they are entitled to summary judgment because Welford has not demonstrated with medical evidence that the car accident proximately caused the injury of which she complains. (State Farm Mem. 4-5, ECF No. 52; Thomley Mem. 2, 5, ECF No. 54). To demonstrate the absence of a genuine

6

issue of material fact, Defendants point out that none of Welford's medical records indicate she complained of shoulder pain until months after the accident. Defendants also submit Dr. Harrison's deposition, in which he could not testify with certainty that the accident caused Welford's shoulder condition. Defendants have also provided an expert report by Dr. Jason Craft, an orthopedic surgeon who reviewed Welford's medical records and concluded that her shoulder injury was not caused by the car accident.[5] (Thomley Mot. Ex. D, ECF No. 53-4).

Dr. Harrison testified that he first examined Welford in September 2009 (approximately a year and a half after the January 2008 car accident), at which time she "presented for a left shoulder complaint." (State Farm Mot. Ex. C 2:4-5, ECF No. 51-3). In December 2009, Dr. Harrison performed surgery to stabilize her shoulder, and he operated again in April 2010. (Thomley Mot. Ex. C 12:2-11, 15:20-21, ECF No. 53-3). During his deposition, Dr. Harrison was asked numerous times whether, in his medical opinion, the January 2008 car accident caused Welford's shoulder injury. (*See, e.g.,* Thomley Mot. Ex. C 58-63, ECF No. 53-3). Dr. Harrison testified:

> Q. [C]an you say, to a reasonable degree of medical probability, whether or not the injury you treated Ms. Welford for was in any way related to this automobile accident, or is it just too speculative for you to make that kind of testimony?

---

[5] Dr. Craft also opined that Welford's shoulder symptoms were probably caused by the physical demands of her job as a nurse, and that some of her complications could be related to the initial surgery performed by Dr. Pomierski. (Thomley Mot. Ex. D 3, ECF No. 53-4).

> A. There's no way for me to prove that it was or was not a cause of the accident.
>
> Q. So would I be correct that your opinion, to a reasonable degree of medical probability, is that you cannot testify that the injury for which you treated Ms. Welford was caused by a motor vehicle accident in January 2008?
>
> A: "[]The speculation . . . that the injury – her shoulder instability was directly from that car accident is just that. It's just speculation. There's no way than [sic] I can prove that it was or was not."

(State Farm Mot. Ex. C 59:5-22, ECF No. 51-3).

Dr. Harrison was asked if he was prepared to offer an opinion at trial on whether the injury for which he treated Welford was caused by the car accident in January 2008, and he replied, "Again, I cannot say that 100 percent it was and I can't say 100 percent it wasn't." (Thomley Mot., Ex. C 63:9-15, ECF No. 53-3). He also testified:

> I cannot say that it was not caused from the accident. I can't say it . . . 100 percent was . . . . a mechanism of rear-ending can cause a shoulder instability . . . . especially if someone has ligament laxity, which I think that Sarah [Welford] does. And knowing her and treating her for what I have for other things, I think that . . . someone who has ligament laxity, a minor rear-end could cause it. So the mechanism fits the injury. Can I prove that the accident caused it? No, I cannot.

(Thomley Mot. Ex. C 60:1-12, ECF No. 53-3; Welford Resp. Ex. 5 at 3:11-22, ECF No. 57-5). Dr. Harrison further stated:

> Q. And in fairness to you, you picked up treating this lady in September '09, a year and eight months after this automobile accident, correct?

8

> A. Yes.
>
> Q. And so it would be speculation on your part to be asked to testify as to whether or not this motor vehicle accident of January of 2008 was the cause of the injury for which you treated her?
>
> A. [A]ll I can deal with is differential diagnosis. You know, she has shoulder instability. Then, you know, what caused her shoulder instability? Then, basically you're right, it's all speculation on what caused it. There's no way for me to prove what caused it and didn't cause it.

(Thomley Mot. Ex. C 60:13-21, 61:1-6, ECF No. 53-3).

Defendants State Farm and Thomley argue that Mississippi law requires medical testimony to prove causation under *Cole v. Superior Coach Corp.*, 106 So. 2d 71 (Miss. 1958). (State Farm Mem. 4, ECF No. 52; Thomley Mem. 2, ECF No. 54). In *Cole*, the Mississippi Supreme Court noted that "[i]n all but the simple and routine cases . . . it is necessary to establish medical causation by expert testimony." 106 So. 2d at 72. Defendants argue that because Welford has not presented any evidence with respect to causation other than Dr. Harrison's testimony, there is no genuine issue of material fact to be presented to a jury. (State Farm Mot. at 3, ECF No. 51).

*Medical Damages*

The Court finds that Defendants' motions are well-taken to the extent Plaintiff seeks *medical damages* for the alleged injury she suffered in the car accident. In her complaint, Plaintiff Welford claims she suffered permanent past, present and future injuries for which she should be awarded damages . . . .." (Pl.'s Compl. 5, ECF No. 1-1). Welford claims that the car accident caused her shoulder

9

injury and subsequent surgeries. (State Farm Mot. Ex. B 2:5-11, ECF No. 51-2). In order to prove medical causation, however, Welford must put forth medical testimony to establish a causal connection between Thomley's negligence and the need for those surgeries. Welford has failed to meet that burden.

The only medical testimony Welford has presented is in the form of Dr. Harrison's deposition. And as noted above, Dr. Harrison's testimony was speculative regarding the cause of Welford's shoulder condition. He was asked repeatedly for his opinion whether the January 2008 car accident caused Welford's shoulder condition. And repeatedly, Dr. Harrison stated that he could not say with certainty that it had or had not caused her shoulder instability, and testified that to offer such an opinion would be speculation.

Welford is correct that Dr. Harrison couched his testimony in terms of not being "100 percent" certain the accident did or did not cause the injury to Welford's shoulder. However, the Court's view of Dr. Harrison's testimony "as a whole" is that, in his medical opinion, he simply could not testify that Welford's shoulder injury was more likely than not caused by the car accident. The Mississippi Supreme Court has "consistently held that medical testimony is not probative unless it is in the terms of probabilities and not possibilities." *Garrett v. Wade*, 259 So.2d 476 (Miss. 1972) (citing *Scott Cnty. Co-op v. Brown*, 187 So. 2d 321 (Miss. 1966) (holding doctor's testimony that plaintiff's condition "could have been" caused by the car accident in question should not have been admitted because the testimony, based on the doctor's examination nearly two years after the accident,

showed that there was "merely a possibility that her . . . condition was caused by the accident.")).[6] Dr. Harrison's testimony is insufficient to establish medical causation for the condition for which he treated her, or that it necessitated the surgeries he performed. Defendants are correct that Welford has failed to establish proximate cause for her multiple shoulder surgeries; she has not presented evidence connecting the car accident to the treatment she underwent to treat her shoulder instability.[7] The Court finds that submitting Welford's claims for medical damages to a jury based on the evidence in the record would be improper. *See Williams v. Captain D's, LLC*, No. 3:07-CV-49-TSL-JCS (S.D. Miss. Apr. 11, 2008) (granting partial summary judgment as to foot injury where the plaintiff's physician's testimony did not causally link the foot fracture to the fall at Captain D's, and plaintiff did not prove by a preponderance of the evidence that the fall was the cause of the injury); *see also Freeny v. Griffin Indus., Inc.*, No. 3:11-cv-17-DPJ-FKB

---

[6] Welford cites *Martin v. St. Dominic-Jackson Mem'l Hosp.*, 90 So. 3d 43 (Miss. 2012), in which the Mississippi Supreme Court stated, "some speculation in medical matters is allowable and necessary." 90 So. 3d at 49 (citing *Pittman v. Hodges*, 462 So. 2d 330, 333-34 (Miss. 1984)). However, the *Martin* court affirmed a directed verdict for the defendant based on a lack of causation evidence. In holding that the plaintiff had failed to establish proximate cause, the Court stated, "nothing is absolutely certain in the field of medicine, but the intent of the law is that if a physician cannot form an opinion with sufficient certainty so as to make a medical judgment, neither can a jury use that information to reach a decision." *Id.* (citing *Catchings v. State of Miss.*, 684 So. 2d 591, 597 (Miss. 1996)). The Court also affirmed its longstanding view that "judgments in civil actions must be based on the probabilities of the case, not on possibilities." *Id.* at 48.

[7] As noted *supra*, Welford has submitted two medical records from Dr. Pomierski, but they are not sufficient to establish medical causation for her need for surgery.

(S.D. Miss. Feb. 28, 2012) (granting summary judgment in favor of Defendants where Plaintiff failed to come forward with expert testimony establishing causal connection between Plaintiff's past and future medical care and the accident). Accordingly, Defendants are entitled to judgment as a matter of law on her claims of medical damages, including her surgeries and subsequent therapy.

*Other Damages*

Welford claims that the only injury she sustained in the car accident was to her left shoulder. (State Farm Mot. Ex. B 2, ECF No. 51-2).[8] As set forth above, Welford has failed to establish medical causation for her injuries. However, as a lay person, Welford can testify about the facts as she experienced them first-hand, and the jury may make a determination regarding the credibility of her testimony.[9] *See*

---

[8] In her deposition, Welford was explicit that she was only seeking compensation for damages related to her left shoulder. (Thomley Mot. Ex. B 34:5-8, ECF No. 53-2). Welford testified as follows:

> Q. [] Are you seeking compensation for any damages related – that you think are related to this car accident besides your left shoulder?
>
> A. Just for the left shoulder.
>
> Q. Okay. The left shoulder injury is the only injury you sustained in this accident?
>
> A. Yes.
>
> State Farm Mot. Ex. B 2:5-11, ECF No. 51-2.

[9] Defendants point out that Welford's medical records from the period immediately after the accident do not make any reference to complaints of pain in her left shoulder. According to the evidence before the Court, the first record of

*Dennis v. Prisock*, 221 So. 2d 706, 710 (Miss. 1969) ("Any witness is competent to testify who has evidentiary facts within his personal knowledge, gained through any of his senses. A nonprofessional witness may describe personal injuries. Physical pain, weakness, exhaustion and the like are matters one may testify about.") (citations omitted). Welford, cannot, however, provide testimony regarding medical causation of her injuries. As a lay person, she is not qualified to testify about the medical diagnosis of her shoulder condition or any necessary treatment thereof; she cannot, for example, testify that her surgeries were necessary as a result of the accident. *See Graves v. Graves*, 531 So. 2d 817, 822 (Miss. 1988) ("Although [Plaintiff] was competent to testify as to his own pain and suffering and to describe his physical injuries, . . . he was clearly incompetent to testify regarding his own medical prognosis and treatment.") (citations omitted). Such testimony is required to be given by a medical expert. *See F. W. Woolworth Co. v. Volking*, 100 So. 3 (1924) (plaintiff could testify that she contracted a cold, but could not testify alone that the cold necessitated a particular treatment or caused other medical problems); *F. W. Woolworth Co. v. Haynie*, 170 So. 150 (1936) (plaintiff, as a

---

Welford complaining of shoulder pain was made nearly six months after the car accident. (Thomley Mot. Ex. C 33:2-13; 40:11-25, 41:1-7, ECF No. 53-3; Ex. D 2, ECF No. 53-4). The absence of a reference to shoulder pain in Welford's medical records may be considered by the trier of fact along with any other evidence presented. At this point the Court only examines whether Welford has presented sufficient evidence to draw a reasonable inference that Thomley's negligence caused her to suffer damages, and does not evaluate the credibility of the evidence presented. The Court expresses no opinion on the evidence Plaintiff may present regarding her pain and suffering following the accident.

13

nonexpert, could not testify that the substance in the water caused the disease in her hands, but she could testify that her hands were diseased).

Welford testified in her deposition that she had pain in her left shoulder immediately, and that she continued to experience pain in her shoulder until some months after Dr. Harrison performed surgery the following year. (Thomley Mot. Ex. B 27:17-20, 28:2-4, 33:13-25, 34:1, 35:4-13, 39:11-17, 45:10-22, 47:11-23, 48:9-25, 49:1-7, 20-24, ECF No. 53-2). Welford stated, "when she hit me . . . the seat belt snatched me forward. And when I came back, that's when my shoulder popped and . . . it was immediate pain." (*Id.* at 17:18-20; *see also* 26:4-10, 25; 27:1-2). She testified in her deposition that she did not have problems with her shoulder prior to the car accident, and that she felt her shoulder was injured in the accident. (Thomley Mot. Ex. B 17:18-20, 30:9-11, 30:20-22). She went to the emergency room, was x-rayed, and given pain medicine. (*Id.* at 26-28.) Welford further testified that she had pain in her shoulder for a period of time after the accident. Welford also testified that, following the accident, the pain in her shoulder interfered with her day-to-day activities such as household duties, cleaning, laundry, personal grooming, and "anything with reaching, pulling." (Thomley Mot. Ex. B 35:14-20, 40:8-25, 41:1-11, ECF No. 53-2).

Welford's lay testimony is sufficient to establish a question of fact with regard to whether the car accident caused the injuries that she perceived at the time of the accident. A jury may draw a "reasonable inference" from Welford's testimony that the accident caused the shoulder injury and pain of which she

14

complains. *Patterson v. Radioshack Corp.*, 268 F. App'x 298, 301 (5th Cir. 2008)("it must be possible to draw a 'reasonable inference' that the negligent act 'proximately contributed' to the injury." )(citation omitted).

While Welford's ability to prove damages may be seriously curtailed by the lack of expert medical testimony, the Court finds that her testimony is sufficient to create a genuine issue of fact and she has, therefore, met her summary judgment burden with respect to damages other than medical damages. Accordingly, Defendants are not entitled to summary judgment with respect to all of Welford's damages. The Court grants partial summary judgment in favor of Defendants with respect to Welford's claims for medical damages.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment [51] is **GRANTED IN PART AND DENIED IN PART**, and Defendant Andrea Thomley's Motion for Summary Judgment [53] is **GRANTED IN PART AND DENIED IN PART**.

**SO ORDERED AND ADJUDGED** this the 8th day of August, 2012.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE